UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLY NIYOMWUNGERE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 24-cv-1990 (APM) |
| ANTONY BLINKEN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

### I.

Plaintiff Willy Niyomwungere, the husband of an American citizen, seeks to compel Secretary of State Antony Blinken and other State Department officials ("Defendants") to adjudicate his I-130 immigrant visa application. The National Visa Center ("NVC"), a division of the State Department, notified Plaintiff in December of 2022 that his application was "documentarily qualified" and that he would be scheduled for a visa interview. After 18 months of silence with no interview scheduled, Plaintiff filed the instant suit. Plaintiff claims that the length of time that he has waited for his visa interview constitutes agency action unreasonably delayed in violation of the Administrative Procedure Act ("APA"). 5 U.S.C. § 706(1). He seeks a court order in the nature of mandamus, *see* 28 U.S.C. § 1361, compelling Defendants to adjudicate his application either immediately or by a time certain. Defendants have now moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim. For the following reasons, the court grants Defendants' motion.

## II.

The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, authorizes the issuance of immigrant visas to the immediate relatives of U.S. citizens. 8 U.S.C. § 1151(b)(2)(A)(i). A U.S. citizen seeking to secure such a visa must file a Form I-130, Petition for Alien Relative, with U.S. Customs and Immigration Services ("USCIS"). *Id.* § 1154(a)(1)(A)(i); 8 C.F.R. § 204.1(a)(1). If USCIS approves the petition, it forwards the case to the NVC, which is the State Department's visa application processing center. 8 C.F.R. § 204.2(a)(3). The noncitizen relative must then submit additional paperwork, such as Forms DS-230 and 260, and application fees to NVC. *See* 22 C.F.R. §§ 42.62–42.63; 9 Foreign Affs. Manual § 504.1-2(b). After a determination that it has received these submissions, the NVC considers the applicant's case "documentarily complete." 9 Foreign Affs. Manual § 504.1-2(b)–(d). NVC then schedules an interview for the applicant with a consular officer at the embassy with jurisdiction over the applicant's residence, pending availability and on a first-in, first-out basis. *See* 22 C.F.R. § 42.62; *see also* 9 Foreign Affs. Manual §§ 504.1-2(d)(1), 504.4-6. Following the interview, the consular officer either issues or refuses the visa. 22 C.F.R. § 42.81(a).

Plaintiff is a citizen and resident of Burundi. *See* Pl.'s Compl., ECF No. 1, ¶ 1. In October 2022, Plaintiff's spouse, an American citizen, submitted the requisite I-130 form. *Id.* ¶ 10. On December 14, 2022, the NVC informed Plaintiff that his application was documentarily complete and that the NVC would schedule an interview appointment. *Id.* ¶ 13; *see also id.*, Ex. C, ECF No. 1-3, at 1. Two weeks later, the NVC notified Plaintiff that it had changed the location of his interview to the American consulate in Nairobi, Kenya. *Id.* ¶ 14. That was the last Plaintiff heard from the NVC. *Id.* ¶ 15.

Over 18 months later, Plaintiff filed this lawsuit, claiming that his wait constitutes an unreasonable delay of agency action under the Administrative Procedure Act ("APA"). *Id.* ¶¶ 3, 31. He asks this court to order Defendants to either adjudicate his visa application immediately or by a date certain. *See* Compl. at 7. Defendants now move to dismiss. Defs.' Mot. to Dismiss & Mem. in Supp., ECF No. 4 [hereinafter Defs.' Mot.].

**III.**

On a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), a federal court must presume that it "lack[s] jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (internal quotation marks and citation omitted). The burden of establishing jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The court must accept "well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015).

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim pleads facts that are not "'merely consistent with' a defendant's liability" but that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556–57); *see also Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012). In deciding a Rule 12(b)(6) motion, the court must consider the whole complaint, accepting all factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. Courts do not, however, "assume the truth of legal conclusions . . . nor

3

. . . accept inferences that are unsupported by the facts set out in the complaint." *Arpaio*, 797 F.3d at 19 (internal quotation marks and citation omitted).

## IV.

Defendants move to dismiss for lack of subject-matter jurisdiction and for failure to state a claim on two grounds: (1) that Plaintiff fails to identify a mandatory, non-discretionary duty to schedule his interview before a consular officer, and (2) that Plaintiff fails to plead a plausible claim of unreasonable delay. Defs.' Mot. at 1. Plaintiff asserts claims under both the Mandamus Act, 28 U.S.C. § 1361, and the APA, 5 U.S.C. § 706(1), to compel Defendants to schedule his interview and adjudicate his visa application. *See* Compl. ¶¶ 5, 30.

To state a claim for mandamus, Plaintiff must demonstrate that he "has a clear right to relief," that "the defendant has a clear duty to act," and that "there is no other adequate remedy available to plaintiff." *Fornaro v. James*, 416 F.3d 63, 69 (D.C. Cir. 2005) (internal quotation marks and citation omitted). "Absent a violation of a clear duty," the court must dismiss the action for lack of jurisdiction. *In re Ctr. for Biological Diversity*, 53 F.4th 665, 670 (D.C. Cir. 2022); *see Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016) (finding that a plaintiff must satisfy all three requirements for mandamus relief or else his claim must be dismissed on jurisdictional grounds).

Courts review claims of unreasonable delay in processing immigration petitions under the APA according to the same standard as under the Mandamus Act—indeed "[t]he central question in evaluating 'a claim of unreasonable delay' is 'whether the agency's delay is so egregious as to warrant mandamus.'" *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008) (quoting *Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d 70, 79 (D.C.Cir.1984) [hereinafter *TRAC*]). To state a claim of unreasonable delay, a plaintiff must plausibly allege that (1) "the

4

agency failed to take a discrete action that it is required to take" and (2) "the delay was unreasonable." *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 340 (D.C. Cir. 2023) (internal quotation marks and citation omitted). The jurisdictional elements of Plaintiff's mandamus claim thus largely overlap with the elements of his APA claim for unreasonable delay. *See Burwell*, 812 F.3d at 190 ("[I]n situations where plaintiffs allege that agency delay is unreasonable despite the absence of a specific statutory deadline, the entire *TRAC* factor analysis may go to the threshold [mandamus] jurisdictional question: does the agency's delay violate a clear duty?"). The court therefore will evaluate both claims together.

### A.     Clear and Non-Discretionary Duty

In his Complaint, Plaintiff argues that "Defendants have a duty to adjudicate" his visa application "within a reasonable period of time under 5 U.S.C. § 555(b) and 22 C.F.R. § 42.81." Compl. ¶ 24. A recent unpublished opinion in the D.C. Circuit casts doubt on the first authority as a source for any mandatory duty to schedule Plaintiff's interview and adjudicate his visa application. In *Karimova v. Abate*, the D.C. Circuit held that the plaintiff had failed to "adequately allege[] that the consular officer has [] a duty" to conclusively adjudicate her visa application where plaintiff relied "only [on] Section 555(b)" "as the source of the consular officer's alleged duty to act." No. 23-5178, 2024 WL 3517852, at *1, *3 (D.C. Cir. July 24, 2024). The *Karimova* court held that § 555(b) "simply expresses a congressional view that agencies should act within reasonable time frames[,]" and "does not plainly define . . . and place upon consular officers a crystal-clear legal duty" to carry out certain tasks. *Id.* at *3 (internal quotation marks and citations omitted). As support for this conclusion, the court cited to the "broad discretion" that consular officers retain "when adjudicating visa applications." *Id.* at *4.

5

Similarly, 22 C.F.R. § 42.81 provides no support for a non-discretionary duty to schedule Plaintiff's interview. Subsection (a) states that "[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the INA and the implementing regulations, the consular officer must issue the visa, refuse the visa," or "discontinue granting the visa." 22 C.F.R. § 42.81(a). The rest of the regulation concerns refusal of a visa. *See id.* § 42.81(b)–(e). This regulation, however, "does not compel Defendants to schedule a consular interview, nor does it obligate them to act within a specified timeframe." *Pushkar v. Blinken*, No. 21-cv-2297 (CKK), 2021 WL 4318116, at *11 (D.D.C. Sept. 23, 2021). Indeed, courts in this District have found that an applicant is only considered to "have actually made or filed a visa application only when [he] personally appears before a consular officer for an interview." *Taj v. U.S. Dep't of State*, No. 22-cv-1087 (RDM), 2022 WL 17250302, at *5 (D.D.C. Nov. 28, 2022) (internal quotation marks and alterations omitted) (citing 22 C.F.R. § 40.1(*l*)(2)). Therefore, any mandatory duty stemming from the text of the regulation would apply only after completion of an interview, something which Plaintiff has yet to do.

In his opposition, Plaintiff argues for the first time that 8 U.S.C. § 1202(b) and 22 C.F.R. § 42.62 require Defendants to adjudicate his visa application. Pl.'s Mem. of P&A in Opp'n to Defs.' Mot. to Dismiss, ECF No. 8 [hereinafter Pl.'s Opp'n], at 9–10. The court first notes that it is "well settled law that a plaintiff cannot amend his . . . complaint by [a] brief[] in opposition to a motion to dismiss." *Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 160 n.7 (D.D.C. 2014). Further, the court declines to "enter into the legal quagmire of differing views on the issue" of whether these provisions create a non-discretionary duty to interview a visa applicant and adjudicate his visa. *Asim v. Blinken*, No. 24-cv-638 (JEB), 2024 WL 3338778, at *3 (D.D.C. July 8, 2024). Instead, the court joins other courts in this District that have assumed without deciding

6

that a plaintiff made out a claim of a clear and non-discretionary duty and proceeds to evaluate the delay. *See id.* (citing *Chalabi v. Hashemite Kingdom of Jordan*, 543 F.3d 725, 728 (D.C. Cir. 2008), for the proposition that it is "permissible to assume statutory jurisdiction when granting [a] motion to dismiss"); *see also Hamdan v. Oudkirk*, No. 24-cv-1001 (BAH), 2024 WL 4553983, at *7 (D.D.C. Oct. 23, 2024) (citing district court cases taking the same approach); *id.* (finding that "[a]bsent binding precedent supporting plaintiff's position that the INA imposes a non-discretionary duty on the government to adjudicate the visas, the assumption of reviewability permits consideration of the merits of plaintiff's visa mandamus claim" (citing *Almaqrami v. Pompeo*, 933 F.3d 774, 784 n.3 (D.C. Cir. 2019))).

### B. Unreasonable Delay

Plaintiff fails to make out a plausible claim for unreasonable delay. When determining whether a delay in agency action is unreasonable, the court is guided by the familiar six *TRAC* factors:

> (1) [T]he time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 80 (internal quotation marks and citations omitted). "Courts in this jurisdiction have applied these so-called '*TRAC* factors' in numerous cases involving delayed processing of visas," including at the motion to dismiss stage. *See, e.g., Alshawy v. U.S. Citizenship & Immigr.*

*Servs.*, No. 21-cv-2206 (FYP), 2022 WL 970883, at *5 (D.D.C. Mar. 30, 2022) (citing *Palakuru v. Renaud*, 521 F. Supp. 3d 46, 49 (D.D.C. 2021)).

*First and Second TRAC Factors.* "The first two factors are often considered together." *Pourabdollah v. Blinken*, No. 23-cv-1603 (DLF), 2024 WL 474523, at *7 (D.D.C. Feb. 7, 2024) (citation omitted). The D.C. Circuit gives special weight to the first factor as "the most important." *In re Core Commc'ns,* 531 F.3d at 855. Whether an agency satisfies the "rule of reason" requirement is not to be decided solely on the length of the delay, "but will depend in large part . . . upon the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003).

At the outset, Plaintiff correctly acknowledges that Congress has not supplied a mandatory timetable by which visas should be adjudicated. Pl.'s Opp'n at 17. Indeed, Congress gives agencies wide latitude in the area of immigration processing. *See, e.g., Dep't of State v. Muñoz*, 602 U.S. 899, 907–08 (2024). "Absent a congressionally supplied yardstick, courts typically turn to case law as a guide." *Sarlak v. Pompeo*, No. 20-cv-35 (BAH), 2020 WL 3082018, at *6 (D.D.C. June 10, 2020). In this District, "courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable." *Id.* (internal quotation marks and citations omitted). Indeed, courts regularly find, in similar circumstances to Plaintiff's, that delays of roughly two years are "reasonable as a matter of law." *See id.* (collecting cases). Thus, the approximately two-year delay between December 2022, when NVC notified that his case was documentarily qualified, Compl. ¶ 13, and the date of this opinion tips in favor of Defendants. *See Da Costa*, 80 F.4th at 344 (finding that an

approximately four-and-a-half-year delay "ha[d] not reached the level of disproportionality [the court] previously held sufficient to grant relief").

Defendants have also supplied a reason which courts in this jurisdiction regularly find suitable to meet the first *TRAC* factor—that visa applications are generally adjudicated in a "first-in, first-out" manner. *See* Defs.' Mot. at 21 (citing 9 Foreign Affs. Manual 504.4-6a)*; see also Da Costa*, 80 F. 4th at 340–41 (finding that USCIS employed a rule of reason when it adjudicated visa applications under a variation of a first-in, first-out rule); *Fakhimi v. Dep't of State*, No. 23-cv-1127 (CKK), 2023 WL 6976073, at *8 (D.D.C. Oct. 23, 2023) ("In general, courts in this jurisdiction have regularly found that the Government applies a 'rule of reason' to the review of visa petitions by adjudicating applications in the order they were filed."). This readily-identifiable rationale for the delay in scheduling Plaintiff's interview supplies the government with a "rule of reason" by which it makes the decision (or lack of one) at issue.

*Fourth TRAC Factor.* In *Da Costa*, the court concluded that the fourth *TRAC* factor—the effect of competing agency priorities—"strongly disfavor[ed]" the plaintiffs in that case because moving their "petitions to the front of the line would disrupt competing agency priorities with no overall improvement in the [agency's] backlog." 80 F.4th at 343. To urge a different result, Plaintiff argues that there is no indication that his application "is not already at the 'front of the line,'" the implication being that Defendants' "inefficiency" and "mismanagement of resources" have resulted in his stalled application. Pl.'s Opp'n at 19–20. But this contention that the agency is sitting on Plaintiff's application is entirely speculative, as Plaintiff has pleaded no facts to support it. No matter where Plaintiff lies in the queue, the relief he seeks would "inevitably entail a 'judicial reordering' of the Department's priorities." *Khazaei v. Blinken*, No. 23-cv-1419 (JEB),

2023 WL 6065095, at *7 (D.D.C. Sept. 18, 2023). This factor thus "weighs against judicial intervention to expedite [the] adjudication" Plaintiff seeks. *Da Costa*, 80 F.4th at 344.

*Third and Fifth TRAC Factors.* The overlapping third and fifth *TRAC* factors consider whether "human health and welfare are at stake" and the "nature and extent of the interests prejudiced by delay." *TRAC*, 750 F.2d at 80.

Plaintiff claims both emotional and financial harms, including being "forced to live apart from his U.S. citizen spouse without [his spouse's] mental, physical, and emotional support," and that that he has "incurred enormous costs and now significant attorney's fees" due to Defendants' delay. Compl. ¶¶ 21, 32. The separation of a family caused by government inaction and inefficiency is not something this court takes lightly. Courts in this jurisdiction routinely find that the "prolonged and indefinite separation of spouses may place health and welfare at stake." *Arab v. Blinken*, 600 F. Supp. 3d 59, 71 (D.D.C. 2022) (internal quotation marks omitted) (collecting cases). Indeed, this court, as others have done, "reminds the government that it must treat [Plaintiff's] case with 'the sense of urgency one would expect when familial interests are at stake.'" *Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 95 (D.D.C. 2020) (quoting *Skalka v. Kelly*, 246 F. Supp. 3d 147, 154 (D.D.C. 2017)). Nevertheless, as discussed above, requiring Defendants to move Plaintiff to the front of the line merely delays other visa applicants even longer. While this court is deeply sympathetic to Plaintiff's plight, that concern does not outweigh either the agency's competing priorities or the equally felt hardships of other visa applicants.

*Sixth TRAC Factor.* Finally, "the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *TRAC*, 750 F.2d at 80 (internal quotation marks and citation omitted). Here, Plaintiff does not allege that the agencies

involved in the adjudication process have acted with impropriety. *See* Pl.'s Opp'n at 22. This factor is therefore neutral.

* * *

After weighing the *TRAC* factors, the court finds that Plaintiff has failed to state a claim that the delay in scheduling his interview is unreasonable. The court does not doubt that Plaintiff and his family have suffered strain, both financial and emotional, because of this delay. But the court is also mindful that Defendants are "entrusted by a broadly worded statute with balancing complex concerns involving security and diplomacy, State Department resources and the relative demand for visa applications." *Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State*, 104 F.3d 1349, 1353 (D.C. Cir. 1997). Given these competing interests, the court cannot grant the relief Plaintiff seeks.

## V.

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 4, is granted. A final, appealable order accompanies this Memorandum Opinion.

Dated: December 11, 2024

_____
Amit P. Mehta
United States District Court Judge